MARÍA LAUREANO, Plaintiff and Appellee, *v.* LUIS DÍAZ, Defendant and Appellant.

No. 6983. Argued May 29, 1935.—Decided June 21, 1935.

*R. Díaz Cintrón* for appellant. *E. Flores Colón* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

María Laureano brought an action of unlawful detainer against Luis Díaz, and alleged that she held under a lease contract a certain lot described in the complaint, belonging to the Roman Catholic Church of Puerto Rico; that the defendant had erected upon such lot a house covering an area

of about 50 square *varas,* without the authority or consent of plaintiff and without any title whatever therefor; and that, although he had been required to vacate that portion of said lot, the aforesaid defendant has refused to vacate the same. The plaintiff prays that it be ordered and adjudged that the defendant leave free and unencumbered the portion of plaintiff's lot occupied by the house, under penalty of being ejected if he does not do so within the term fixed by law.

The defendant in his answer set up that, on April 9, 1934, he acquired the house in question from Balbino Lebrón and his wife, María Segarra, who had in turn acquired it from Antonia Díaz Ramos, lessee of the lot from the Bishop of Puerto Rico. Defendant further alleged that the purchase of this house was absolute, together with all the uses, servitudes, and rights appurtenant thereto acquired by the vendor from the aforesaid Antonio Díaz Ramos, including as well the rights under the lease contract which the prior owners had to such lot, for a sum of $1.50 monthly, payable to the Catholic Church, Diocese of San Juan, Puerto Rico.

The lower court rendered judgment for the plaintiff and ordered the defendant to be ejected from the property described in the complaint, "upon which the aforesaid defendant has erected a wooden house, without authority or consent from the plaintiff and without title therefor."

The defendant has attributed to the lower court several errors, in assigning which he set forth with some ambiguity the grounds upon which he bases his appeal. In arguing the fourth assignment to the effect that the complaint does not state facts sufficient to constitute a cause of action, appellant says that the complaint ought to have been dismissed in view of the apparent conflict of title, which ought not to have been considered within the summary procedure of the action of unlawful detainer, and that questions of ownership are not properly to be decided in proceedings like the present one, which is a special proceeding and solely for the purpose of

recovering possession of real property and of ejecting therefrom one who detains it without title.

The question of the assignment of the rights under the lease contract does not arise in this case from the allegations of the complaint, but from the evidence introduced. The plaintiff confined herself to the allegation that she held the lot described in the complaint under lease from the Roman Catholic Church, without stating that such lease was acquired by assignment from Antonia Díaz, who was the lessee of such lot.

The evidence shows that on July 29, 1921, the defendant Luis Díaz sold to Antonia Díaz a frame house for the sum of $200; that on December 3, 1931, Antonia Díaz sold the aforesaid house to Balbino Lebrón and his wife, María Segarra, for the sum of $113; that on April 9, 1934, the defendant Luis Díaz reacquired for the sum of $60, from Mr. and Mrs. Lebrón, the same house which he had sold in 1921. The lot on which the house stands, and which measures 10 meters in front by 20 meters in depth, belongs to the Catholic Church and has been rented for a monthly rental of $1.50. When Antonia Díaz sold to Balbino Lebrón, the latter assumed payment of the rentals; when Lebrón sold to Luis Díaz, the latter undertook the same obligation. Lebrón paid some monthly installments and thereafter failed to pay. Luis Díaz testified that he paid $4.50 to the collector for the Catholic Church, to whom he stated that he was making a payment on account for those months, and requested that he be permitted to pay something on account every time the collector might come.

The house sold by the defendant Luis Díaz, in 1921, was the only house erected on the lot rented by the Catholic Church, until Balbino Lebrón, who purchased in 1931, authorized the construction of another house which was later sold to the plaintiff María Laureano with the consent of the aforesaid Lebrón. The latter witness testified as to these facts, and his testimony has not been contradicted.

In this situation, and immediately after the old house had been purchased by the defendant Luis Díaz, María Laureano, unknown to him, promised to pay and did pay the overdue installments of rent under the lease contract which ought to have been paid in the first instance by Lebrón and then by Díaz, and secured from Antonia Díaz an assignment of the lease contract. When this assignment was made, more than two years had elapsed since Antonia Díaz had sold the house and vacated the premises, to which she had not again returned, according to her own testimony. The purchaser Lebrón was obligated to pay the rent. The contract underwent no modification whatever. The rental originally agreed upon continued to be the same. Lebrón paid the first monthly installments to the Bishopric and thereafter failed to pay. The fact is that Antonia Díaz, in selling her house, transferred the lease of the lot in some form or other to Balbino Lebrón, and later assigned the same lease to the plaintiff, María Laureano, when she had ceased to be owner of the house and ceased to have any interest in protecting the lot. The title of Balbino Lebrón, predecessor of defendant, may be subsequent or prior to the title held by plaintiff, María Laureano; but we believe that an action of unlawful detainer is not an adequate proceeding in which to decide which title ought to prevail. The manager for the Church himself tells us that if he had known that the whole or part of the lot had been transferred to some other person, he would have abstained from acting. From the testimony of Mr. Cecilio Kercadó, manager of the properties of the Church, we copy the following:

"Q. Was there in the Bishopric any transfer from Antonia Díaz to any person other than María Laureano?

"A. No, sir.

"Q. Will you be so good as to inform the Court if you would have accepted . . .

"Plaintiff. He is trying to present something purely speculative.

"Q. Did Antonia Díaz continue to appear as lessee?

"A. Yes, sir.

"Q. Did you have any knowledge that she had transferred . . .

"A. No, sir.

"Q. If you had known this, would you have made the transfer?

"Plaintiff. We object, that is pure speculation.

"Q. If you had known, would you have transferred the lease contract with such ease?

"A. In the first place, the account was past due. If I had known that Antonia Díaz had assigned part of that lot, we would not have made the transfer until. . .

"Q. So that if you had known that the whole or a part of the lot had been transferred to another person, you would have refused...

"A. Yes, sir.

"Q. So that when you made this arrangement as manager for the Bishopric, you did so in good faith?

"A. Yes, sir.

"Q. So that advantage was taken of your good faith?

"Plaintiff. That is a conclusion."

The questions arising from the pleadings and the evidence do not seem questions proper for a summary decision in an action of unlawful detainer. Both parties base their claims on title derived from Antonia Díaz, former lessee of the lot. There is an apparent conflict between the parties which ought to be decided in a plenary suit and not in a summary action of unlawful detainer.

The judgment appealed from must be reversed and another rendered instead dismissing the complaint, without special imposition of costs.